[721 NYS2d 61]

In the Matter of JUDAH DICK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 5, 2001

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Hal R. Lieberman,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 15 charges of professional misconduct. In his answer, he admitted in part and denied in part the allegations contained in the petition, denied that he was guilty of violating the Disciplinary Rules, and raised several affirmative defenses. The respondent subsequently stipulated to almost all of the factual allegations contained in the petition, with certain amendments and qualifications. Charges One, Four, Seven, Eight, Nine, and Ten were amended during the course of the disciplinary proceeding. After a hearing, the Special Referee sustained all of the charges, except Charge Fifteen. The Grievance Committee moves, and the respondent cross-moves, to confirm in part and disaffirm in part the Special Referee's report. The respondent also argues that the sanction imposed should be limited to a public censure.

Charge One, as amended, alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]).

The respondent maintained an attorney escrow account at Citibank identified as the "Judah Dick—IOLA Account." Before August 1996, he received at least $23,935 on behalf of an individual named Machne Chaim, which represented the proceeds from a sale of real estate. As a fiduciary in possession of client funds, the respondent was required to safeguard those funds in an attorney escrow account. The respondent deposited them into the "Judah Dick AGT account" at the Dime Savings Bank.

Charge Two alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about August 13, 1996, the respondent was required to maintain at least $23,935 in his attorney escrow account on behalf of Machne Chaim. On that date, the balance in the respondent's attorney escrow account was depleted to

$21,538.84. Also on that date, check number 1977 in the amount of $23,935, which was drawn on the respondent's escrow account, was returned for insufficient funds.

Charge Three alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about March 20, 1996, the respondent deposited $190,000 into his attorney escrow account on behalf of an individual named Wolf. From that date through April 2, 1996, he was required to maintain at least $190,000 in his escrow account on Wolf's behalf. On March 21, 1996, the balance in the respondent's escrow account was depleted to $189,159.87.

Charge Four, as amended, alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]).

Before May 2, 1996, the respondent, as a fiduciary, received at least $25,000 on behalf of an individual named Meyer. Initially, he deposited the funds into one of his accounts at the Dime Savings Bank. He subsequently transferred them into his attorney escrow account on May 2, 1996.

Charge Five alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about April 16, 1996, the respondent deposited an additional $25,000 into his attorney escrow account on behalf of Meyer. On May 10, 1996, he was required to maintain at least $50,000 in his escrow account on Meyer's behalf. On that date, the balance in the respondent's escrow account was depleted to $39,299.28.

Charge Six alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about May 1, 1996, the respondent deposited into his attorney escrow account $37,500 on behalf of an individual named Klein. Between May 1 and August 1996, the respondent was required to maintain at least $37,500 in his escrow account on Klein's behalf. On May 24, 1996, the balance in the respondent's escrow account was depleted to $34,688.03.

Charge Seven, as amended, alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46 [a], [b]).

Before September 11, 1996, the respondent received, as a fiduciary, at least $25,000 on behalf of an individual named Godlewsky. He deposited the funds into his "Judah Dick AGT account" at the Dime Savings Bank and subsequently transferred them into his Citibank IOLA account.

Charge Eight, as amended, alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

On or about September 11, 1996, the respondent deposited $25,000 into his attorney escrow account on behalf of Godlewsky, increasing the balance in the account to $32,401.89. On that date, although the respondent was required to maintain a balance of at least $25,000 in his escrow account on Godlewsky's behalf, the balance in the account was depleted to $5,814.89.

Charge Nine, as amended, alleged that the respondent failed to properly safeguard, and improperly converted to his own use, funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]).

In or about 1998, the respondent maintained funds on behalf of an individual named Eichenthal in an attorney escrow account at Republic. The funds earned interest while in that account. The respondent failed to disburse the accrued interest to Eichenthal.

Charge Ten, as amended, alleged that the respondent improperly commingled funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Between January 1 and December 31, 1996, the respondent deposited legal fees that he had earned into his attorney escrow account and failed to withdraw some of those fees. During the same period, funds entrusted to the respondent as a fiduciary were on deposit in his escrow account.

Charge Eleven alleged that the respondent failed to maintain the required records for his attorney escrow account, in viola-

tion of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]).

The respondent failed to contemporaneously maintain a ledger book or similar record for the aforementioned accounts showing the source of all funds deposited therein, the names of all persons for whom the funds were being held, the amount of such funds, the charges or withdrawals therefrom, and the names of all persons to whom such funds were disbursed.

Charge Twelve alleged that the respondent improperly drew a check on his attorney escrow account payable to cash, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

On April 3, 1996, check number 1845 in the amount of $75, which was drawn by the respondent and payable to cash, cleared his attorney escrow account.

Charge Thirteen alleged that the respondent improperly used his attorney escrow account in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

On or about March 22, 1996, the respondent transferred $10,000 from his Citibank attorney-at-law account to his attorney escrow account. On or about June 21, 1996, check number 1911 in the amount of $75,000, which was drawn on the respondent's escrow account, was returned due to unavailable funds. On or about April 16, 1996, the respondent deposited $3,000 into his attorney escrow account from his Citibank attorney-at-law account.

Charge Fourteen alleged that the respondent filed false attorney registration statements with the Office of Court Administration, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about February 1996 and December 1997, the respondent filed biennial registration statements with the Office of Court Administration in which he falsely affirmed that he was in compliance with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Fifteen alleged that, based on Charges One through Fourteen, the respondent is unfit to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In view of the respondent's admissions and the evidence adduced at the hearing, all of the charges are sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the Special

Referee's findings of mitigation. According to the Special Referee, the respondent "has practiced law for more than 40 years without a single blemish." He was "completely candid and * * * fully cooperated with the Grievance Committee." He "repeatedly expressed his remorse." There was "no evidence whatsoever of venal intent." No client or third party was harmed by the respondent's misconduct, and no clients filed a complaint. No funds were used for personal purposes. Almost all of the clients whose funds were the subject of the charges against the respondent submitted letters or came forward to praise his honesty and integrity. The respondent has an unusually high reputation in his community for honesty, charity, and pro bono work. Numerous lawyers and Judges had high praise for the respondent's integrity. There is no likelihood that the respondent's mistakes will be repeated in view of his commitment to retain an accountant and, if required, submit to regular and ongoing monitoring or audits. The respondent's attention to detail was seriously diminished by the deterioration of his health in the past several years, culminating in a mini-stroke in 1999.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that Charges Ten, Eleven, and Thirteen are sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Judah Dick, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Judah Dick, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.